# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANTONIO LEE PARKER,<br><br>      Plaintiff,<br>v.<br><br>C.O. LASH, BRIAN FOSTER,<br>WILLIAM POLLARD, P. A. KROLL,<br>LT. WALTER, CAPT. MARKIEWCZ,<br>DR. B, PAUL LUDVIGSON, TONY MELI,<br>JEMERY WESTRA, DONALD STRAHOTA,<br>KYLE K. TRITT, LT. SCHNEIDER,<br>D. JONES, ANNETTE MILLER,<br>MS. JOHNSON, CAPTAIN TOMAS CORE,<br>S. STOBB, JAMES MUENCHOW,<br>CAPTAIN RADTKE, C.O. CLARK,<br>SGT. BLAKE, SGT. PRICE, JON LITSCHER,<br>EDWARD WALL, CINDY O'DONNELL,<br>JAMES R. SCHWOCHERT,<br>CAPTAIN OLSON, and JOHN DOES 1-4,<br><br>      Defendants. | Case No. 16-CV-1231-JPS<br><br><br><br><br><br><br><br>**ORDER** |

  On April 24, 2017, Plaintiff filed a motion to utilize his release account funds to pay the remainder of his filing fee. (Docket #18). Plaintiff paid the initial partial filing fee ("IPFF") of $5.84, and does not state what balance of the full fee ($350.00) remains owed. *Id.* While it is true that this Court has the authority to order disbursements from a prisoner's release account for payment of an IPFF, *see, e.g., Doty v. Doyle*, 182 F.Supp.2d 750, 751 (E.D. Wis. 2002) (noting that "both the Wisconsin Prison Litigation Reform Act…and the federal Prison Litigation Reform Act [("PLRA")]…authorize the courts to order that…a prisoner's release account be made available [to pay an IPFF]"), this Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future)

litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Notwithstanding the foregoing, denying prisoners the use of their release accounts to fund litigation costs is also prudent given that those accounts are "restricted account[s] maintained by the [DOC] to be used upon the prisoner's release from custody." *Id.* Permitting a prisoner to invade that account for litigation costs could be a detriment to that prisoner's likelihood of success post-incarceration, *see* Wis. Adm. Code. § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is overly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs. In light of the foregoing, the Court will deny Plaintiff's motion to use release account funds to pay the balance of his filing fee.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for an order permitting access to his release account funds (Docket #18) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge