# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTONIO LEE PARKER,

    Plaintiff,

v.

C.O. LASH, BRIAN FOSTER, WILLIAM POLLARD, P. A. KROLL, LT. WALTER, CAPT. MARKIEWCZ, DR. B, PAUL LUDVIGSON, TONY MELI, JEMERY WESTRA, DONALD STRAHOTA, KYLE K. TRITT, LT. SCHNEIDER, D. JONES, ANNETTE MILLER, MS. JOHNSON, CAPTAIN TOMAS CORE, S. STOBB, JAMES MUENCHOW, CAPTAIN RADTKE, C.O. CLARK, SGT. BLAKE, SGT. PRICE, JON LITSCHER, EDWARD WALL, CINDY O'DONNELL, JAMES R. SCHWOCHERT, CAPTAIN OLSON, and JOHN DOES 1-4,

    Defendants.

Case No. 16-CV-1231-JPS

**ORDER**

On January 19, 2018, Plaintiff filed a three-sentence motion, devoid of citation to any evidence or legal authority, asking for the second time that the court permit him pay the remainder of his filing fee with funds from his release account. (Docket #20); *see also* (Docket #18) (prior motion requesting the same relief); (Docket #19) (order denying the prior motion). On January 22, 2018, the Court denied the motion, citing the reasons explained in its prior order. (Docket #21). Three days later, Plaintiff filed a motion for reconsideration of that decision. (Docket #22).

Although Plaintiff's motion is silent on the legal grounds for reconsideration, the only applicable rule is Federal Rule of Civil Procedure 60. That Rule allows the Court to vacate a prior order based on, *inter alia*, a mistake, newly discovered evidence, fraud by a party, satisfaction of the judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60 is an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). The Court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014).

Rule 60 does not exist to give losing parties a second bite at the apple, particularly when the evidence or argument they should have presented was within their grasp at the opportune moment. *See Buchanan v. Ill. Dep't of Human Servs.*, 15 F. App'x 366, 369 (7th Cir. 2001); *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 391–92 (1993) ("Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'"). Plaintiff's motion for reconsideration cites case authority which was available to him prior to filing the original motion. He nevertheless chose to present his original motion in an exceedingly brief fashion. That motion was appropriately disposed and the Court is not inclined to reconsider its ruling. Plaintiff's motion for reconsideration must therefore be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #22) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge